Wilberforce Rostron <br>
      vs.      Div. No. 21535. <br>
Florence Jessie Rostron

February 3, 1928.

SUMNER, J. This petitioner is seeking a divorce from his wife on the grounds of extreme cruelty and desertion.

The parties were married in Vancouver, British Columbia, in 1911, and eventually returned to England. Petitioner served during the World War and claims that upon his return his wife refused to cohabit with him, and she left him in 1922. Subsequently, he came to this country, where he has resided for some four years.

The testimony was in the first instance taken by depositions before a Master and petitioner deposed that he had performed all of the obligations of the marriage contract; that his wife left him because she would not cohabit with him and that he gave her no reason for her desertion. Two nephews, who live in Rhode Island, deposed that petitioner's wife left him; that they know of no reason why she should, and that her action was unjustified. It does not appear where they got their information, but presumably from the petitioner, as apparently they did not live in the same house with the parties.

Among the papers in the case appeared a communication from a firm of solicitors in Blackburn, England, where service was made upon the respondent. The solicitors upon service of the subpoena wrote to the Master in Chancery who took the depositions, stating that the respondent, Mrs. Rostron, had obtained an order against her husband before the Justices of the County for the maintenance of herself and minor child, wherein he was ordered to pay to his wife twelve shillings sixpence a week for their maintenance, and that the ground upon which the order was given was that he had been guilty of persistent cruelty to his wife, had wilfully neglected to

maintain her and had forced her to leave him; that he had paid under this order from January, 1922, until the end of June of that year and at the present time was owing the respondent a sum exceeding 175 pounds. They also stated that Mrs. Rostron, the respondent, is unable to make the journey to America, not being sufficiently well and having no means.

The petitioner was in Court when the depositions were read and was called to the stand. He admitted that this order was entered as claimed by the solicitors and that he owed 175 pounds under it, and he further added that he made no objection to the entering of the order.

This is one of those cases that occasionally appear where the respondent, usually in some distant state or land, writes to the Court or the Master in Chancery, charging her husband with desertion, and saying that for lack of means she is unable either to come to Rhode Island or engage counsel to represent her. The Court feels that under such conditions the case of the petitioner should be carefully scrutinized and his good faith clearly established. Mr. Rostron admits the entering of this order and his failure to pay the allowance under it. It would seem to follow that the order was entered for good and sufficient reasons and under charges that he did not choose to fight or disclaim; that he left his wife penniless in England with a minor child and came to this country to escape the effect of the order of the English Court. Under these circumstances, it would seem that the petitioner does not come into Court with clean hands and the petition is denied and dismissed.

For petitioner: Woolley & Blais.